IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EARL D. WILSON**
On Behalf of Himself
and All Others Similarly Situated,

        Plaintiff,

Hon.
Mag.
Case No. 16-

v.

**TROTT & TROTT, P. C., aka**
**TROTT LAW, P.C.**

        Defendant.

---

## CLASS ACTION COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Earl D. Wilson ("Wilson" "Plaintiff") by and through counsel, The Law Offices of Brian Parker, PC, and brings this CLASS ACTION against the above listed Defendant, Trott & Trott, P.C. aka Trott Law ("Trott" "Defendant") on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

1.

Plaintiff brings this action for damages and injunctive relief based upon the Defendants' violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*

2.

Plaintiff, on behalf of himself and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant (collectively referred to hereinafter as "Defendants" or "Defendant") who, *inter alia*, used false, deceptive, misleading,

unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and others.

3.

Every foreclosure For Sale Notice that Trott sends out advertising a Michigan homeowner is in default and their home and mortgage is for sale is done by ignoring the homeowners' right to privacy and also the protections against harassment and abusive debt collection under the FDCPA.

4.

The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Whether a debt collector's actions are false, deceptive, or misleading under § 1692(a)-g is based on whether the "least sophisticated consumer" would be misled by a defendant's actions. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006).). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

5.

In applying the "least sophisticated consumer" standard, the Sixth Circuit has adopted the "more than one reasonable interpretation standard." *Kistner*, 518 F.3d at 441. Under that approach, a collection letter can be "deceptive" if it is open to "more than one reasonable interpretation, at least one of which is inaccurate." Id. (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993)). "[T]he 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the least sophisticated consumer test." Id.

6.

"In fact, every mortgage foreclosure, judicial or otherwise, is undertaken for the very purpose of obtaining payment on the underlying debt, either by persuasion (i.e, forcing a

settlement) or compulsion (i.e., obtaining a judgment of foreclosure, selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt)." See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

7.

Among the *per se* violations prohibited by the FDCPA is 15 U.S.C. § 1692c(b):

(b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, *a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*

8.

Every Notice of Foreclosure Sale that Trott places in newspapers, court houses, court websites, county buildings or any other medium of public gathering for notice communicates and publises to the world and the State of Michigan the name and address of the Michigan Homeowner *and* that they are in default of and owe a debt and that Trott (In Large Bold type larger than any in the notice) is "A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE." **See For Example Exhibit 1**:

## Team H - Earl D. Wilson

Notice Of Mortgage Foreclosure Sale
THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.

ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Earl D. Wilson, a married man, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., Mortgagee, dated September 8, 2004, and recorded on September 27, 2004 in Liber 4584 on Page 938, and assigned by said Mortgagee to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2004-24CB) as assignee as documented by an assignment, in Livingston county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of Two Hundred One Thousand Seven Hundred Forty-One and 30/100 Dollars ($201,741.30).

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Livingston County, at 10:00 AM, on March 4, 2015.

Said premises are situated in Township of Tyrone, Livingston County, Michigan, and are described as: Lots 4 and 5, of Foxcroft Hills Subdivision, as recorded in Liber 11, Page 45 of Plats, Livingston County Records.

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Dated: February 2, 2015
For more information, please call:
FC H (248) 593-1300
Trott Law, P.C.
Attorneys For Servicer
31440 Northwestern Hwy Ste 200
Farmington Hills, Michigan 48334-5422
File #367394F03

9.

The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA. The Plaintiff, on behalf of himself and all others similarly situated, requests that he and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendant under the FDCPA.

## II. PARTIES

10.

The plaintiff Earl D. Wilson is a natural person and consumer and residents of Fenton, Genesee County, State of Michigan, and a "consumer" as defined by the FDCPA and RCPA.

11.

The Defendant Trott & Trott, P.C. aka Trott Law, P.C. is a foreclosure law firm organized as a Michigan Corporation with offices at 31440 Northwestern Hwy., Suite 200, Farmington Hills, MI 48334 of Oakland County, State of Michigan 48307 and is a debt collector of defaulted mortgage loans engaged in the business of using the mails and telephone to communicate the collection of consumer debts originally owed to others, including residential mortgage debts. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

## III. JURISDICTION AND VENUE

12.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

13.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

14.

Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692 (a).

15.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3). Wilson is a consumer.

16.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

17.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6). The Defendant Trott is considered a debt collector under the law and by its own admission is its Foreclosure Notice of

Sale.

18.

Under 15 U.S.C. § 1692a(2), the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. A foreclosure Notice of Sale (**Exhibit 1 and 2**) is a communication conveying information about a debt that was created primarily for personal, family, or household purposes.

19.

The Defendant Trott & Trott, P.C. aka Trott Law, P.C. is a mortgage debt collector of defaulted mortgage loans engaged in the business of collecting of consumer debts originally owed to others, including residential mortgage debts. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

20.

As part of its foreclosure practice of servicing the foreclosure needs of banks and mortgage servicing clients, Trott initiates a foreclosure of a mortgage debt by publicizing to the the State of Michigan and the world a homeowner's private and protected information in a Notice of Sale:

(a) the amount of debt owed and the creditor client of Trott; and

(b) That Defendant Trott is a debt collector collecting from a named home owner.

21.

It is a violation of 15 U.S.C. § 1692d(4) for a debt collector to advertise the sale of any debt to coerce payment of the debt. In violation of the FDCPA and as a debt collector, Trott is communicating to the world and the State of Michigan, the private names and debt information in every foreclosure Notice of Sale it publicizes.

## V. FACTUAL ALLEGATIONS

22.

On February 2, 2015 through the week of February 23, 2015, Defendant Trott placed a Notice of Mortgage Foreclosure Same in the Livingston County Daily Press and Argus about Plaintiff's default of a debt that stated:

### Notice Of Mortgage Foreclosure Sale

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.

**ATTN PURCHASERS:**
This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest.

**MORTGAGE SALE** -
Default has been made in the conditions of a mortgage made by Earl D. Wilson, a married man, original mortgagor(s), to Mortgage Electronic Registration Systems, Inc., Mortgagee, dated September 8, 2004, and recorded on September 27, 2004 in Liber 4584 on Page 938, and assigned by said Mortgagee to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2004-24CB) as assignee as documented by an assignment, in Livingston county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of Two Hundred One Thousand Seven Hundred Forty-One and 30/100 Dollars ($201,741.30).

Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will cuit court within Livingston County, at 10:00 AM, on March 4, 2015.

Said premises are situated in Township of Tyrone, Livingston County, Michigan, and are described as: Lots 4 and 5, of Foxcroft Hills Subdivision, as recorded in Liber 11, Page 45 of Plats, Livingston County Records:

The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale.

If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period.

Dated: February 2, 2015

For more information, please call: FC H (248) 593-1300
Trott Law, P.C.
Attorneys For Servicer
31440 Northwestern Hwy Ste 200 Farmington Hills, Michigan 48334-5422
File #367394F03
(02-02/09/16/23-2015 DAILY 2472519)

**Please see Exhibit 2**.

23.

With Trott's initiation of every Foreclosoure Sale with notices such as **Exhibit 1 and 2** is a violation of Federal law. All Michigan homeowners who are facing foreclosure by advertisement under MCL 600. 3204 et seq. by Trott must endure the breach of privacy and embarrassment of a debt collector advertising to the world that they are in default of a debt, the amount of the debt owed and that a debt collector is collecting from them.

24.

Contrary to the violations of federal law as stated in Paragrpah 23, this same notice at **Exhibit 1 and 2** is also placed on the door of every homeowner's home without having to inform the world that the debt is owed and that the homeowner is in default. **Please see Exhibit 3**. This approach at **Exhibit 3** notifies the homeowner of the information the rest of the world should not have to know.

25.

There is no requirement under the Michigan Foreclosure Statute that the foreclosure debt being serviced or collected must be collected by a named debt collector. However, if a debt collector chooses to collect the debt, it is mandatory that it follow Federal law.

26.

While Trott is expected to defend itself by stating that the Michigan Foreclosure Statute it follows requires that it name the homeowner in the Notice of Foreclosure Sale, Defendant Trott must also follow the Federal mandates of the FDCPA that requires it not publicise in the newspaper or on county websites or buildings the name of a debtor or that the homeowner owes a debt.

27.

When there is a conflict in the protections offered to a consumer in a Michigan Statute and the Federal Statute, the FDCPA states that the debt collector must follow the Federal Statute when it offers greater protections than the conflicting State Statute:

**§ 816. Relation to State laws [15 USC 1692n]**
This title does not annul, alter, or affect, or exempt any person subject to the provisions of this title from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this title, and then only to the extent of the inconsistency. For purposes of this section, *a State law is not inconsistent with this title if the protection such law affords any consumer is greater than the protection provided by this title.*

28.

Prior to 2013, The Michigan Foreclosure Statute offered protections that mandated that the homeowner receive a written notice of foreclosure, loan modification programs and processes to save the home, a housing counselor list and a right to seek a 90 day delay on the foreclosure while the homeowner sought a modification of the debt. The Michigan Legislature eliminated those protections by repealing them in 2013.

29.

As debt collectors operating under Federal law, foreclosure firms like Trott send a notice to homeowners under the FDCPA notifying them of their right to dispute the debt and seek validation of the debt. This is also not a required homeowner protection of the Michigan Foreclosure Statute. This is performed by the foreclosure debt collector to as federal law offers these greater protections than the conflicting State Statute that does not require foreclosure firms to prove they have a right to collect the debt.

30.

Further, the Michigan Foreclosure Statute offers no similar FDCPA protections to the homeowner that protect the individual right to privacy that Fair Debt Collection Practices Act

seeks to uphold in punishing abusive debt collection practices codified under the FDCPA. Please see the section on Congressional Findings and Declarations of Purpose [15 USC 1692].

31.

Selling the home at auction, and applying the proceeds from the sale to pay down the outstanding debt is considered debt collection under *Glazer v. Chase Home Finance LLC*, 704 F.3d 45. A debt collector such as Defendant Trott must follow applicable Federal law in collecting on the debt.

32.

Indeed, the majority of the Mortgage Template Forms (Michigan Single Family Uniform Instrument with MERS) that homeowners sign as Security Instruments for banks require that the parties to a mortgage must follow applicable law. "Applicable Law" in the mortgage template that most Michigan Homeowners' have is defined in the mortgage as:

(I)"Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions. **Please see Exhibit 4**. *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453 is an example of a non-appealable judicial opinion.

33.

Further, Section 16 of the Mortgage Template states that:

16. "Governing Law; Severability; Rules of Construction." This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements or limitations of Applicable Law.

34.

Lastly, the Mortgage Template used by Banks and Michigan Lenders also states in Section 22 that Notice of the Lender's intent to sell the property to must follow Applicable Law. The mortgage contract the Borrower and Lender sign mentions nothing about placing the world

or the State of Michigan on notice of the homeowner's name, that a homeowner has a debt or that it is in default and how much is owed. Section 22 states:

22...If Lender invokes the power of sale, Lender shall give notice of sale to the Borrower in the manner provided in Section 15. Lender shall publish and post the notice of sale and the Property shall be sold in the manner proscribed by Applicable Law.

35.

Plaintiffs are informed and believe, and on that basis allege, that the Defendants have a policy and practice of sending the world and the public in the State of Michigan private information of homeowners in default of their mortgage without any regard to Applicable Federal law and the their right not to have their debts published to third parties in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692c(b) and 15 U.S.C. §§ 1692d(4).

## VI. CLASS ACTION ALLEGATIONS

36.

Plaintiff realleges the above pleadings.

37.

Plaintiff brings this lawsuit as a class action. Plaintiff tentatively defines one class as all persons in the State of Michigan who, during the one year (FDCPA) prior to the filing of this complaint, had their names and debts published together in a document created by Defendant Trott in violation of their right to privacy and the FDCPA.

38.

The FDCPA Class consists of all persons with a Michigan address that have had their name, mortgage debt and the amount of the mortgage debt owed published inside a Foreclosure Notice of Sale (**Examples being Exhibit 1 and 2**) in violation of 15 U.S.C. §§ 1692e, 15 U.S.C. §§ 1692c(b) and 15 U.S.C. §§ 1692d(4).

39.

There are questions of law and fact common to each class, which common issues predominate over any issues involving only individual class members. The principal and common issue is whether Defendant's conduct in connection with the Publicising that a homeowner owes a defaulted debt, the amount and that a debt collector is involved in a Foreclosure Notice of Sale violates the FDCPA.

40.

There are no individual questions here. All Michigan homeowners with defaulted debt are having their mortgage debt default placed out in the open for the world to see.

41.

Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in litigating the FDCPA, consumer advocacy and class claims. Neither Plaintiff nor their counsel has any interests which might cause them to not vigorously pursue this claim.

42.

Plaintiff claims are typical of the claims of the classes, which all arise from the same operative facts and are based on the same legal theories.

43.

A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who are subject to this practice and policy of Defendant undoubtedly have no knowledge that their rights are being violated by illegal collection practices. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum damages in an individual action are

$1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

44.

Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a) The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

45.

There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant questions are:

a. Whether defendant had a practice of notifying the world that a named homeowner is in default of a mortgage debt and how much is owed in violation of the FDCPAsending a debt collection letter with UNAUTHORIZED, misrepresented or unearned amounts disguised as a "corporate advance."

b. Whether doing so violated the FDCPA.

46.

Certification of each class under Rule 23(b)(2) of the Federal Rules of Civil Procedure also is appropriate because Defendants have acted on grounds generally applicable to each class, thereby making declaratory and injunctive relief appropriate with respect to each class as a whole.

47.

Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

## VII. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

48.

Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a mortgage debt using the communication at **Exhibit 1 and 2** above; and

b. Defendant collected on the debt and violated 15 U.S.C. 1692d with conduct described above that harasses and abuses a homeowner in connection with collecting the mortgage debt through **Exhibit 1 and 2**; and

c. The Defendant contacted third parties and the world in publishing foreclosure sale notices with the mortgage debt amount, the homeowner's name and that he is in default through **Exhibit 1 and 2** in violation 15 U.S.C. §1692c(b); and

d. Defendant violated 15 U.S.C. 1692d(4) by publishing that the sale of the mortgage debt to the world and the State of Michigan using **Exhibit 1 and 2** as mentioned above.

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a. Statutory and Actual damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d.  Such further relief as the court deems just and proper.

## VIII. JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

Respectfully submitted,

February 1, 2016

s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff